# United States Court of Appeals
# For the Second Circuit

August Term 2023

Argued:  May 2, 2024
Decided: August 8, 2024

No. 23-1330

MARCO DESTIN, INC., 1000 HIGHWAY 98 EAST CORP., E&T,
INC., PANAMA SURF & SPORT, INC.,

*Plaintiffs-Appellants,*

*v.*

SHAUL LEVY, individually agent of L&L Wings, Inc.,
MEIR LEVY, individually agent of L&L Wings, Inc.,
BENNETT KRASNER, individually agent of L&L Wings,
Inc., ARIEL LEVY,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of New York
No. 22-cv-8459, Laura Taylor Swain, *Chief
Judge.*

Before:     JACOBS, SACK, and SULLIVAN, *Circuit Judges.*

Plaintiffs Marco Destin, Inc., 1000 Highway 98 East Corp., E&T, Inc., and
Panama Surf & Sport, Inc. (collectively, "Marco Destin") appeal from a judgment
of the United States District Court for the Southern District of New York (Swain,

*C.J.*) dismissing their claims for fraud and "fraud on the court" against agents of L&L Wings, Inc. ("L&L"), with whom Marco Destin had executed a stipulated judgment in a separate trademark action in 2011. Marco Destin alleged that the stipulated judgment was the product of fraud because L&L had secured that judgment in partial reliance on a trademark registration that it had fraudulently procured from the United States Patent and Trademark Office ("USPTO"). Based on that alleged fraud, Marco Destin requested that the 2011 judgment be vacated pursuant to Federal Rule of Civil Procedure 60(d)(3) and that the defendants be sanctioned and ordered to pay damages for injuries associated with the fraud. The district court dismissed the action for failure to state a claim. On appeal, Marco Destin argues that the district court erroneously denied it relief after concluding that Marco Destin had a reasonable opportunity to uncover any fraud in the initial litigation. Taking up Marco Destin's arguments, we confirm that we review a district court's dismissal of an independent action asserting "fraud on the court" under Rule 60(d)(3) for abuse of discretion. We also conclude that the district court acted within its discretion when it declined to vacate the 2011 stipulated judgment based on its finding that Marco Destin should have uncovered the alleged fraud through the exercise of due diligence in the earlier litigation. We therefore **AFFIRM** the judgment of the district court.

AFFIRMED.

GARY M. MURPHREE, Am Law, LLC, Miami, FL, DAVID M. RABINOWITZ, Moses & Singer, LLP, New York, NY (Min Kyung Cho, Moses & Singer LLP, New York, NY, *on the brief*), *for Plaintiffs-Appellants*.

JAMES B. GLUCKSMAN (Robert L. Rattet, *on the brief*), Davidoff Hutcher & Citron LLP, New York, NY, *for Defendants-Appellees* Shaul Levy, Meir Levy, and Ariel Levy.

SPENCER A. RICHARDS (A. Michael Furman, *on the brief*), Furman Kornfeld & Brennan LLP,

New York, NY, *for Defendant-Appellee* Bennett
Krasner.

RICHARD J. SULLIVAN, *Circuit Judge*:

Plaintiffs Marco Destin, Inc., 1000 Highway 98 East Corp., E&T, Inc., and Panama Surf & Sport, Inc. (collectively, "Marco Destin") appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *C.J.*) dismissing their claims for fraud and "fraud on the court" against agents of L&L Wings, Inc. ("L&L"), with whom Marco Destin had executed a stipulated judgment in a separate trademark action in 2011. Marco Destin alleged that the stipulated judgment was the product of fraud because L&L's agents ("Defendants") had secured that judgment in partial reliance on a trademark registration that it had fraudulently procured from the United States Patent and Trademark Office ("USPTO"). Based on that alleged fraud, Marco Destin requested that the 2011 judgment be vacated pursuant to Federal Rule of Civil Procedure 60(d)(3) and that Defendants be sanctioned and ordered to pay damages for injuries associated with the fraud. The district court dismissed the action for failure to state a claim. On appeal, Marco Destin argues that the district court erroneously denied it relief after concluding that Marco Destin had a reasonable opportunity to uncover any fraud in the initial litigation.

3

Taking up Marco Destin's arguments, we confirm that we review a district court's dismissal of an independent action asserting "fraud on the court" under Rule 60(d)(3) for abuse of discretion. We also conclude that the district court acted within its discretion when it declined to vacate the 2011 stipulated judgment based on its finding that Marco Destin should have uncovered the alleged fraud through the exercise of due diligence in the earlier litigation. We therefore **AFFIRM** the judgment of the district court.

## BACKGROUND

In 2007, L&L commenced an action in the Southern District of New York (Jones, *J.*) asserting claims for, among other things, breach of contract and trademark infringement related to Marco Destin's unauthorized use of L&L's unregistered trademark "Wings" on beach apparel. L&L alleged that, in 1998, the two companies had entered into a temporary licensing agreement (the "License Agreement") that permitted Marco Destin to use the trademark, but that Marco Destin continued to use the mark after the agreement expired in 2006. Marco Destin answered the complaint and filed several counterclaims, and the parties engaged in discovery through mid-2008.

After the close of discovery, L&L revealed in its summary judgment filings that it had recently registered the "Wings" mark with the USPTO, which by law served as *prima facie* evidence that the mark was entitled to protection. Based in large part on that registration, the district court granted summary judgment to L&L with respect to liability, finding that Marco Destin had breached the License Agreement and infringed L&L's "Wings" mark. The parties ultimately entered into a stipulated order of settlement and dismissal in 2011 (the "Stipulated Judgment"), under which Marco Destin was required to pay L&L $3.5 million and cease using the "Wings" mark. The settlement also included releases that precluded Marco Destin from bringing any action against L&L based on the "Wings" mark or the License Agreement.

At around the same time that L&L was litigating with Marco Destin in Manhattan, L&L became embroiled in another licensing dispute in the Eastern District of North Carolina with an unrelated company called Beach Mart, Inc. During the course of that litigation, Beach Mart discovered that L&L was *not* the owner of the "Wings" mark and that the trademark was in fact owned by Shepard Morrow, who had obtained five separate registrations with the USPTO on the name "Wings." As revealed in the North Carolina action, L&L had *tried* to register

"Wings" with the USPTO, but after those attempts failed, it resorted to licensing the mark from Morrow during a brief period in the 1990s. L&L eventually stopped paying the required fees under that license, claimed the unregistered mark as its own, and began licensing the mark to other entities – including Marco Destin and Beach Mart.

Aided by these revelations, Beach Mart secured a judgment in the district court for the Eastern District of North Carolina in 2021, which canceled L&L's registration of the "Wings" mark on the ground that L&L had procured it by making false representations to the USPTO. The district court also granted Beach Mart's motion for sanctions, finding that L&L's founder, Shaul Levy, had engaged in "egregious discovery conduct" by failing to disclose Morrow's registration of the mark and the Morrow license agreement. Sp. App'x at 7 (internal quotation marks omitted).

A year after the North Carolina judgment, Marco Destin filed this action in the Southern District of New York (Swain, *C.J.*) against Shaul Levy and three other agents of L&L – Ariel Levy, Meir Levy, and Bennett Krasner – based on their conduct during the initial trademark suit before Judge Jones. The action asserted two causes of action, for "fraud on the court" and "fraud," and demanded vacatur

of the Stipulated Judgment, as well as sanctions and money damages. Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6), and the Levy Defendants made a separate motion for sanctions against Marco Destin on the grounds that Marco Destin's claims were meritless and unreasonably multiplied the proceedings.

The district court granted Defendants' motion to dismiss but denied the Levy Defendants' motion for sanctions. Construing the "fraud on the court" claim as an independent action for relief from a judgment under Rule 60(d)(3), the district court concluded that Marco Destin was not entitled to the extraordinary remedy of vacatur based on its own lack of diligence in uncovering L&L's misrepresentations and concealment concerning the "Wings" trademark. In particular, the district court noted that the License Agreement expressly stated that "one or more individuals and/or entities have registered trademarks . . . to the mark 'Wings' and can and/or may claim a paramount right to the use of said mark." *Id.* at 13 (citing paragraph 11.3 of the License Agreement); *see also* App'x at 616 (paragraph 11.3 of the License Agreement). Based on its finding that Marco Destin had a reasonable opportunity to discover the fraud that allegedly occurred during the initial litigation, the district court declined to vacate the Stipulated

Judgment under Rule 60(d)(3) and granted Defendants' motion to dismiss. It also dismissed Marco Destin's separate "fraud" claim, finding that it was barred by (1) Rule 60(b)(3)'s one-year filing window on motions for fraud against an adverse party, (2) the New York statute of limitations for fraud, and (3) the release clause in the 2011 Stipulated Judgment. The court further denied the Levy Defendants' motion for sanctions against Marco Destin.

This appeal by Marco Destin followed.[1]

## DISCUSSION

### I. Legal Framework

Federal Rule of Civil Procedure 60 permits parties to seek relief from a judgment, including in cases of fraud or mistake. The "normal procedure" to attack a judgment is by "motion in the court that rendered the judgment." 11 Wright & Miller, Federal Practice & Procedure § 2868 (3d ed. 2023). However, Rule 60(d) also authorizes parties to file an "independent action" seeking the same relief. Fed. R. Civ. P. 60(d)(1). These independent actions trace back to the pre-Rule era, during which courts had inherent power to entertain motions seeking to set aside judgments they had entered. *See United States v. Beggerly*, 524 U.S. 38, 42

---

[1] The Levy Defendants have not cross-appealed the denial of their motion for sanctions.

(1998). This power was generally time-limited, in that a court could hear such a motion only during the same "term" in which it entered the judgment. *Id.*; *see also Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944), *overruled on other grounds by Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 31 n.2 (1976). But in cases of "manifestly unconscionable" fraud – such as a fraud upon the court itself – parties were permitted to seek relief long after that term ended, which they could do by filing various writs in equity, such as a "bill[] of review." *Hazel-Atlas*, 322 U.S. at 244–45. The court then had "discretion" to grant that writ and vacate the judgment. *Id.* at 248.

When Rule 60 was enacted, it expressly preserved the "power" of district courts to "entertain" both motions and independent actions to set aside a judgment. Fed. R. Civ. P. 60(d)(3); *see also Beggerly*, 524 U.S. at 45 ("The revision made equally clear, however, that one of the old forms [of obtaining relief from a judgment], *i.e.*, the 'independent action,' still survived." (footnote omitted)). Therefore, as in the old regime, a party challenging a judgment may file either a motion within a fixed time window – generally one year under Rule 60(b)(3) – or an "independent action" any time after that pursuant to Rule 60(d)(3). Like the old bills of review, these independent actions require a more demanding showing

of "fraud" than a "timely motion," such as a fraud on the court itself. *See Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997) (quoting *Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir. 1988)). And as we and other circuits have long recognized, a district court has "discretion in determining whether to entertain independent actions for relief" and may look to "traditional equitable principles to guide its decision." *Id.* at 661 (collecting cases).

## II. Standard of Review

At the outset, the parties dispute the standard of review for appeals that challenge a district court's dismissal of an independent action to set aside a judgment for fraud on the court. Citing our recent decision in *Mazzei v. The Money Store*, 62 F.4th 88 (2d Cir. 2023), Marco Destin argues that we should review the district court's dismissal *de novo*, as we would for a routine complaint dismissed under Rule 12(b)(6). Defendants, by contrast, argue that we should review only for abuse of discretion, in line with our traditional approach to Rule 60(b) motions. *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) ("We . . . review the denial of a Rule 60(b) motion for abuse of discretion."); *United States v. Parcel of Prop.*, 337 F.3d 225, 236 (2d Cir. 2003) ("We . . . review a claim of fraud on the court [brought by motion under Rule 60(b)] for abuse of discretion.").

We agree with Defendants that the dismissal of an independent action

brought under Rule 60(d) is reviewed for abuse of discretion.  In fact, we explicitly held as much in *Campaniello Imports*, where we explained that the trial court "exercises discretion in determining whether to entertain independent actions for relief" under Rule 60(d) and that "an appellate court should not disturb the equitable determination of the trial judge unless it can conclude that the trial judge abused its discretion."  117 F.3d at 661 (alterations and internal quotation marks omitted); *see also Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 71 (2d Cir. 1990) ("Decisions in [an independent action] are committed to the court's discretion, informed by traditional equitable principles.").  This standard aligns with the equitable origins of these independent actions, which as explained above were firmly committed to the court's "discretion."  *Hazel-Atlas*, 322 U.S. at 248.

*Mazzei* does not say otherwise.  In fact, the issue of the proper standard of review for the dismissal of an independent action for fraud on the court was not even before the *Mazzei* panel, given that both parties agreed in their briefs that the standard of review was *de novo*. [2]  And while *Mazzei* repeated the parties' articulation of that standard, it did not purport to "squarely address," or otherwise decide on its own accord, what the proper standard of review is for dismissal of

---

[2] *See* Brief for Plaintiffs-Appellants at 29, *Mazzei*, 62 F.4th 88 (No. 21-2696), 2022 WL 278534; Brief for Defendants-Appellees at 21, *Mazzei*, 62 F.4th 88 (No. 21-2696), 2022 WL 671913.

an independent action in equity to vacate a judgment for fraud on the court. *Deem v. DiMella-Deem*, 941 F.3d 618, 624–25 (2d Cir. 2019). At most, *Mazzei* assumed without deciding that *de novo* review applied based on party "concession[s]," an assumption that is not binding on later panels. *See Friends of the E. Hampton Airport, Inc. v. Town of East Hampton*, 841 F.3d 133, 153 (2d Cir. 2016); *Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 113 (2d Cir. 1988) ("[A] *sub silentio* holding is not binding precedent." (internal quotation marks omitted)).

We thus take this occasion to confirm what we have long held: we review the grant or dismissal of an independent action for fraud on the court under Rule 60(d)(3) for abuse of discretion. *See Campaniello Imports*, 117 F.3d at 661. As usual, "[a] district court . . . abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *Motorola Credit*, 561 F.3d at 126 (internal quotation marks omitted).

## III. Analysis

Applying that standard, we readily conclude that the district court did not abuse its discretion in dismissing Marco Destin's independent action for fraud on

the court.[3] "Generally, claimants seeking equitable relief through independent actions must . . . (1) show that they have no other available or adequate remedy; (2) demonstrate that [their] own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground – such as fraud, accident, or mistake – for the equitable relief." *Campaniello Imports*, 117 F.3d at 662. Among those "recognized ground[s]" is fraud on the court. *Id.* at 661. To obtain relief on that basis, the plaintiff "must prove, by clear and convincing evidence, that the defendant interfered with the judicial system's ability to adjudicate impartially and that the acts of the defendant must have been of such a nature as to have prevented the plaintiff from fully and fairly presenting a case or defense." *Mazzei*, 62 F.4th at 93–94; *see also Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (explaining that "fraud on the court" includes only a limited "species of fraud"). And as in every action for equitable relief, the plaintiff must show that the equities tip in favor of relief under the first and second *Campaniello Imports* factors, such as by demonstrating that its own "neglect" did

---

[3] Marco Destin's opening brief did not raise any specific challenges to the dismissal of its common law fraud claims or the denial of its motion for sanctions. We therefore decline to review those issues on appeal. *See JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are [forfeited] even if the appellant pursued those arguments in the district court or raised them in a reply brief.").

not lead to the fraudulent judgment. *Campaniello Imports*, 117 F.3d at 662 ("It is fundamental that equity will not grant relief if the complaining party has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action to open, vacate, modify, or otherwise obtain relief against, the judgment." (alterations and internal quotation marks omitted)).

Here, the district court dismissed Marco Destin's independent action for fraud on the court on the equitable grounds that Marco Destin had a reasonable opportunity to uncover the fraud during the underlying action. We see no abuse of discretion in how the court reached that conclusion. As *Campaniello Imports* itself contemplated, courts generally will not grant relief under Rule 60(d) if the plaintiff could have prevented the fraudulent judgment through "proper diligence." *Id.*; *accord Mazzei*, 62 F.4th at 94 (explaining that we are typically "unwilling[] to find fraud on the court where the alleged fraud could have been redressed in the underlying action"). That is what the district court found here when it concluded that, with "due diligence," Marco Destin could have exposed L&L's fraudulent efforts to conceal the Morrow license and his ownership of the "Wings" trademark. Sp. App'x at 13 (quoting *Mazzei*, 62 F.4th at 94). Indeed, the License Agreement explicitly informed Marco Destin that other parties may have

paramount ownership claims to the "Wings" mark. *Id.* (citing to paragraph 11.3 of the License Agreement); *see also* App'x at 616 (paragraph 11.3 of the License Agreement). Consequently "[i]f Marco Destin had sought to ascertain from L&L during the [u]nderlying [a]ction who else could claim a paramount right to use the 'Wings' mark, it might well have found the Morrow [l]icense [a]greement on its own." Sp. App'x at 14. Similar diligence likewise would have revealed L&L's fraudulent efforts to register the "Wings" mark with the USPTO, given that the public docket for L&L's application explicitly identified Morrow as the previous owner of a similar mark. *See id.* Although the court was careful not to "condone" L&L's nondisclosure, it ultimately concluded that Marco Destin "could have addressed the alleged fraud" in the initial action and therefore was not entitled to equitable relief. *Id.* at 15–16. We see no abuse of discretion in those conclusions, which are fully supported by the record and consistent with our precedent on equitable relief under Rule 60.[4]

---

[4] In so ruling, we note that the district court dismissed the independent action based on equitable factors, which we review for abuse of discretion. A district court may dismiss an independent action because it fails to "establish a recognized ground – such as fraud, accident, or mistake – for the equitable relief" sought. *Campaniello Imports*, 117 F.3d at 662. Although that action would still generally be subject to abuse-of-discretion review, we take no position on whether we would review *de novo* the underlying question of whether the facts alleged or proven constitute the unique "species of fraud" that amounts to fraud on the court. *Hadges*, 48 F.3d at 1325 ("The concept of 'fraud on the court' embraces only that species of fraud which does[,] or attempts to,

Marco Destin leans heavily on *Hazel-Atlas*, asserting that it authorizes courts to grant relief to plaintiffs on their fraud-on-the-court claims even if those plaintiffs were not diligent in the underlying action. We agree, but only to a point. *Hazel-Atlas* established that a court has "*discretion*" to vacate a judgment even where the plaintiff was not diligent in the underlying action, at least in cases of particularly brazen fraud on the court. *Hazel-Atlas*, 322 U.S. at 248 (emphasis added). But nothing in *Hazel-Atlas* precludes a court from considering a party's lack of diligence, nor does it compel vacatur of the prior judgment regardless of the plaintiff's negligence in uncovering the asserted fraud. Instead, when a district court entertains an independent action for fraud on the court as contemplated by Rule 60(d)(3), it may balance the equities as usual in deciding whether to vacate the underlying judgment; in doing so, the court is free to assess the plaintiff's diligence and the severity of the alleged fraud before granting the request for equitable relief.

Here, even though the district court did not explicitly invoke the equitable standard from *Campaniello Imports*, it nonetheless followed the same line of

defile the court itself, or is a fraud perpetuated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." (internal quotation marks omitted)).

reasoning in dismissing Marco Destin's action for lack of diligence. Because "nothing in the record suggests that the [d]istrict [c]ourt would appraise the facts differently" under the *Campaniello Imports* framework, we see no need to remand on that basis. *Monasky v. Taglieri*, 589 U.S. 68, 86 (2020) (explaining, in a different context, that an appeals court need not remand when there is no reason to "anticipate that the [d]istrict [c]ourt's judgment would change"). We therefore affirm the district court's judgment without resorting to remand.

## CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court.